UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CINDY BLACK,<br><br>　　　　Respondent. | No. 2:22-cv-0688 DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Petitioner is a civil detainee proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee. Before the court is petitioner's habeas petition for screening. For the reasons set forth below, this court recommends the petition be dismissed without prejudice for petitioner's failure to exhaust his state remedies.

Under Rule 4 of the Rules Governing § 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus. Pursuant to Rule 4, the court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Petitioner is detained at Napa State Hospital pursuant to a commitment order issued by the Butte County Superior Court. He appears to raise two claims. First, petitioner challenges the legal proceedings that resulted in his commitment under California Penal Code § 1368, et seq.

////

Second, petitioner contends that Napa State Hospital staff forced him to violate his Miranda rights.

Initially, this court notes that a petition for writ of habeas corpus is the proper vehicle for a challenge to petitioner's commitment. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme...may use a § 2254 habeas petition to challenge a term of confinement."); Swinger v. Harris, No. CV 16-05694-JVS (DFM), 2016 WL 4374941, at *2 (C.D. Cal. Aug. 12, 2016) (finding plaintiff's sole remedy for invalidating his mentally disordered offender confinement and obtaining release from Atascadero State Hospital was a habeas petition).

It is apparent from the face of the petition that petitioner has not exhausted his state remedies before filing this federal petition. A petitioner who is in state custody and wishes to challenge his detention by a petition for writ of habeas corpus must have exhausted state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal bases. Duncan, 513 U.S. at 365 (legal basis); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Petitioner states that he did not exhaust his claims because he does not have legal representation and needed assistance to file his federal petition. A petitioner may only be excused from the exhaustion requirement if he shows "there is an absence of available State corrective

process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  While the court is sympathetic to the difficulties petitioner faces in meeting the requirements of the federal habeas statute, his need for some assistance is not sufficient to excuse the exhaustion requirement.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that the petition be dismissed without prejudice for petitioner's failure to exhaust his state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  May 13, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/S/mich0688.scrn fr